UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTORIA CLEMENTS,<br><br>Plaintiff,<br><br>v.<br><br>SANOFI-AVENTIS, U.S., INC, et al.,<br><br>Defendants. | Civil Action No. 14-1423 (KM)<br><br>REPORT & RECOMMENDATION |

**CLARK, U.S.M.J**

**THIS MATTER** comes before the Court *sua sponte* based upon the Court's lack of jurisdiction over this case. The Court entered an Order, dated November 24, 2015, directing the parties to submit a joint letter "addressing whether or not the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332." *See* Dkt. No. 38. The parties filed their response on December 15, 2015, stating their position that this Court has subject matter jurisdiction over this matter. *See* Dkt. No. 39. Having considered the parties' written submission pursuant to Federal Rule of Civil Procedure 78, for good cause shown and for the reasons set forth herein, it is respectfully recommended that this matter be remanded.

**I.  BACKGROUND**

This action arises out of injuries allegedly sustained by Plaintiff following the administration of Sculptra, a medical device consisting of an injectable substance intended to treat the loss of facial fat. Plaintiff filed her Complaint on April 2, 2013 in the Superior Court of New Jersey, Essex County, asserting causes of action against Defendants (collectively "Sanofi") for: (1) breach of warranty; (2) negligence; (3) strict liability; (4) violation of the New Jersey Products Liability Act; and (5) punitive damages. *See* Dkt. No. 1, Ex. B. Sanofi removed the

1

action to this Court on March 6, 2014 pursuant to 28 U.S.C. § 1446, citing this Court's diversity jurisdiction under 28 U.S.C. § 1332 [Dkt. No. 1]. Following removal, Sanofi filed a Motion for Summary Judgment, which was instead considered as a Motion to Dismiss Plaintiff's Complaint [Dkt. No. 9]. The Court dismissed Plaintiff's Complaint on June 11, 2015 without prejudice to the filing of an amended complaint [Dkt. No. 25]. Plaintiff filed her Amended Complaint on July 17, 2015 [Dkt. No. 18].

On November 24, 2015, the Court entered an Order directing the parties to submit a joint letter addressing the basis for this Court's jurisdiction [Dkt. No. 38]. The parties filed their joint letter on December 15, 2015 stating their mutual contention that this Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 [Dkt. No. 39].

## II.    DISCUSSION

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from the state court if the case could have been brought originally in federal court. Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction over matters in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. The federal removal statute is "to be strictly construed against removal." *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004) (citing *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990)). Accordingly, any doubts regarding removal are resolved in favor of remand. *Samuel-Bassett,* 357 F.3d at 396. The Court has a duty to inquire, *sua sponte,* into its subject matter jurisdiction whether removal has been challenged or not. *See Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506 (2006); *Huber v. Taylor,* 532 F.3d 237, 249 (3d Cir. 2008).

There is no dispute, and the Court is satisfied, that the amount in controversy in this matter exceeds $75,000. The defect in this Court's jurisdiction instead lies in the lack of

complete diversity of citizenship between the parties. For complete diversity to exist, the citizenship of every plaintiff must be different from that of any defendant. *Midlantic Nat'l Bank v. Hansen,* 48 F.3d 693, 696 (3d Cir. 1995). Stated alternatively, complete diversity is absent if any plaintiff and any defendant are citizens of the same state. *See Id*. The existence of diversity jurisdiction is determined by the "time-of-filing" rule, which provides that a court has diversity jurisdiction only if the parties are completely diverse at the time the action was filed. *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" (quoting *Mollan v. Torrance,* 22 U.S. (9 Wheat.) 537, 539 (1824))). The purpose of the rule is merely to provide a clear and easily accessible answer to the question of whether complete diversity exists. *Id.* at 580 ("The time-of-filing rule is what it is precisely because the facts determining jurisdiction are subject to change, and because constant litigation in response to that change would be wasteful.").

However, even if complete diversity did not exist at the time of filing, a case can be removed on the basis of diversity when a plaintiff voluntarily creates it through an action such as the voluntary dismissal of the non-diverse defendant. *See Rubino v. Genuardi's Inc.,* 2011 WL 344081, at *5 (E.D.Pa. Jan.31, 2011) (citing *Great N. Ry. Co. v. Alexander,* 246 U.S. 276, 281 (1918)). This is known as the "voluntary-involuntary rule." *Id.*

The parties agree that at the time this action was filed on April 2, 2013, complete diversity did not exist. According to the Notice of Removal, at the time of filing, Plaintiff was a citizen of New Jersey and Sanofi was a Delaware corporation with its principal place of business in New Jersey. Dkt. No. 1 at ¶ 4, 6. However, the Notice of Removal states that Sanofi learned through discovery that Plaintiff had relocated to Maryland on October 1, 2013, where she

3

continued to reside at the time of removal. Based on Plaintiff's relocation to Maryland, Sanofi removed the case to this Court citing this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).[1] The parties' joint letter in response to the Court's inquiry regarding the basis for this Court's jurisdiction asserts that although diversity did not exist at the time the Complaint was filed, Plaintiff's relocation to Maryland constituted a voluntary act by Plaintiff which created complete diversity.

While the Court does not doubt that Plaintiff acted voluntarily in relocating to Maryland, the exception to the time-of-filing rule created by the voluntary-involuntary rule only applies "to cases where the parties change, in contrast to cases in which the circumstances attendant to those parties change." *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 152 (3d Cir. 2009) (citing *Grupo* Dataflux, 541 U.S. at 575 (2004)). In *Grupo Dataflux*, the parties argued that while complete diversity did not exist at the time the action was filed, the citizenship of the defendant partnership changed after the action was filed, which created complete diversity and therefore provided a proper basis for this Court's jurisdiction. *Grupo Dataflux*, 541 U.S. at 569. The Supreme Court rejected the parties' argument finding that while a post-filing change of a party could cure a jurisdictional defect, a post-filing change in the citizenship of a continuing party cannot cure a lack of subject matter jurisdiction that existed at the time of filing in a diversity action. *Id*. at 574-75. In the present matter the parties present the same argument rejected by the Supreme Court in *Grupo Dataflux*: that although complete diversity did not exist at the time of filing, complete diversity was created not in the change of a party but in a post-filing change in the citizenship of Plaintiff. Accordingly, because the parties in this action were not diverse at the time of filing and because Plaintiff's post-filing change in citizenship cannot create complete

---

[1] According to the parties December 15, 2015 joint letter, Plaintiff currently resides in Florida.

diversity, complete diversity does not exist and there is no basis for this Court's jurisdiction over this matter.

### III. CONCLUSION

For the reasons set forth above;

**IT IS** on this 17th day of March, 2016,

**RECOMMENDED** that this matter be **REMANDED** to the Superior Court of New Jersey, Essex County; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**